IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

**JAMES DOE,**

        **Plaintiff,**

v.                                  **CIVIL ACTION NO. 7:18cv320**
                                      **Judge Elizabeth K. Dillon**

**VIRGINIA POLYTECHNIC INSTITUTE**
**AND STATE UNIVERSITY, TIMOTHY SANDS,**
**FRANK SHUSHOK, JR., ENNIS MCCRERY,**
**FRANCES KEENE, and KYLE ROSE,**

        **Defendants.**

## RULE 10(a) MOTION TO DISMISS

Defendants Virginia Polytechnic Institute and State University, Timothy Sands, Frank Shushok, Jr., Ennis McCrery, Frances Keene, and Kyle Rose ("Defendants"), appear specially without waiving their rights to file any and all defenses they may have to the Complaint. Defendants move pursuant to Rule 10(a) of the Federal Rules of Civil Procedure for an order staying the time to respond to the Complaint unless and until Plaintiff obtains leave to file under a pseudonym, or that this Court dismiss Plaintiff's Complaint for failing to obtain leave prior to filing under a pseudonym.

Plaintiff filed his Complaint using a pseudonym without leave of this Court and, therefore, has failed to name all the parties as required by Rule 10(a). Pursuant to Rule 10(a), "the title of the complaint must name all the parties." Plaintiff's Complaint names only "James Doe" and, therefore, should be dismissed for failure to comply.

The Fourth Circuit has recognized that dismissal may be proper under Rule 10(a) for failure to name all parties in a complaint. *See Doe v. Boyle*, 60 F.R.D. 507 (E.D. Va. 1973), *judgment aff'd*, 494 F.2d 1279 (4th Cir. 1974). It is well-established in other circuits that Rule 10(a) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint must name all the parties," and using a false name in a complaint without leave of court is grounds for dismissal. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 143 (S.D. Ind. 1996). In *Broussard v. Waldron Sch. Dist.*, 866 F. Supp. 2d 1042, 1048 (W.D. Ark. 2011) the Court provided the following overview:

> It is well recognized in American jurisprudence that lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties. *See Doe v. Hartz*, 52 F.Supp.2d 1027 (N.D. Iowa 1999); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974). Generally, open access to judicial proceedings "has been thought to enhance the integrity and quality of what takes place." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 578, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). For this reason, courts are reluctant to grant a litigant a "cloak of anonymity." *U.S. v. Doe,* 655 F.2d 920, 922 (9th Cir. 1981); *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981). A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992). The risk that a plaintiff may suffer some embarrassment is not enough. *Id.*

This Court has firmly stated in *Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 727–28 (W.D. Va. 2012) the need for Plaintiffs to identify themselves pursuant to Rule 10(a):

> [A]nonymity is not contemplated by the Federal Rules of Civil Procedure. Rule 10(a) provides that "[t]he title of the complaint must name all the parties." The intent is to " 'apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings.' " *Doe v. Hallock,* 119 F.R.D. 640, 643 n. 1 (S.D. Miss. 1987) (quoting *Free Market Comp. v. Commodity Exch., Inc.*, 98 F.R.D. 311, 312 (S.D.N.Y. 1983)); *Doe v. Rostker,* 89 F.R.D. 158, 160 (N.D. Cal. 1981). Public access to a plaintiff's name "is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981)

(citing *Richmond Newspapers,* 448 U.S. 555, 100 S.Ct. 2814).

WHEREFORE, based on the foregoing, Defendants request that this Court stay Defendants' time to respond to the Complaint until Plaintiff obtains leave of Court to file an action under a pseudonym or that Plaintiff's Complaint be dismissed in its entirety for failure to comply with Rule 10(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, TIMOTHY SANDS, FRANK SHUSHOK, JR., ENNIS MCCRERY, FRANCES KEENE, and KYLE ROSE

By:     s/ M. Hudson McClanahan
        Counsel for Defendant

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
heidbred@vt.edu

M. Hudson McClanahan (VSB No.: 46363)
Associate University Legal Counsel and
Assistant Attorney General
hud3@vt.edu

Kristina J. Hartman (VSB No.: 92279)
Associate University Legal Counsel and
Assistant Attorney General
kjhart06@vt.edu

University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA 24060
Phone: (540) 231-6293
Fax: (540) 231-6474

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 16th day of July, 2018, the foregoing **RULE 10(a) MOTION TO DISMISS** was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF), to the following:

>Jesse R. Binnall
>Louise T. Gitcheva
>Sara E. York
>Harvey & Binnall, PLLC
>717 King Street, Suite 300
>Alexandria, Virginia 22314
>*Counsel for Plaintiff*
>
>Andrew T. Miltenberg
>Tara Davis
>Nesenoff & Miltenberg, LLP
>363 Seventh Avenue, 5th Floor
>New York, NY 10001-3904
>*Counsel for Plaintiff*

>>s/ M. Hudson McClanahan
>>Counsel for Defendant