IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

| | |
|---|---|
| JAMES DOE,<br><br>    Plaintiff,<br><br>v.<br><br>VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, *et al.*,<br><br>    Defendants. | Civil Action No. 7:18-cv-320 |

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' RULE 10(A)
MOTION TO DISMISS

Plaintiff is legally entitled to proceed under a pseudonym, as further discussed in his motion to do so. Moreover, because Rule 10(a) does not provide a basis for motions to dismiss, this motion should be considered (if at all) pursuant to Rule 12(b) and denied. Defendants should then be required to answer Doe's Complaint.

Standard of Review and Procedural Posture

Defendants styled their motion as a "Rule 10(a) Motion to Dismiss." Dkt. 7. Fed. R. Civ. P. 10(a) does not provide a mechanism for a motion to dismiss; it merely sets out the form requirements for a complaint.[1] Instead, motions to dismiss are

---

[1] Defendants' rely on the 45-year old Eastern District of Virginia case, *Doe v. Boyle*, 60 F.R.D. 507 (E.D. Va. 1973) to support their position that a motion to dismiss can

governed by Fed. R. Civ. P. 12(b), which provides the procedural standard and allows parties to assert certain defenses by motion. Procedurally, the motion should either be denied because it fails to properly state the grounds upon which it is based, as required by Fed. R. Civ. P. 7(b), or considered as a motion to dismiss under the familiar standard of Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Counsel for Defendants also attempts to limit their appearance in this matter as a special appearance, Dkt. 7, perhaps so as to allow Defendants to file a second motion to dismiss. Since the advent of Rule 12(b), however, the distinction between special and general appearances have been abolished. *Davenport v. Ralph N. Peters & Co.*, 386 F.2d 199, 204 (1967). Motions to dismiss are not brought seriatim; the Rules generally require that they be brought all at once. Fed. R. Civ. P. 12(g). Doe should not have to resist multiple waves of pre-answer motions. Consequently, the motion should be denied and Defendants should be ordered to answer.

## Argument

As Doe explains in his Motion to Proceed under Pseudonym, a plaintiff is allowed to proceed anonymously after the Court considers the following factors: (1)

---

be brought pursuant to Rule 10. That case, which was essentially a preemptive motion to suppress, was not decided under Rule 10, however. Instead, it was decided on the complaint's merits. The 4th Circuit affirmed the district court, because subject matter jurisdiction had not been properly pled. 494 F.2d 1279 (4th Cir. 1974). That court also held that leave to amend should not be granted, because it was improper to bring what amounted to a preemptive motion to suppress as a civil action. Neither the district court nor the circuit court went so far as to hold that a motion to dismiss could be brought under Rule 10.

2

whether the requesting party seeks to preserve his privacy in a sensitive and highly personal matter; (2) whether there is a risk of retaliatory physical or mental harm to a party or other non-party due to the identification; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) whether there is a risk of unfairness to the opposing party in granting the motion. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

Doe should be allowed to proceed anonymously because the case involves an alleged sexual assault, which is a very sensitive private matter for Doe and Roe. These are young college age students, whose future lives and careers should not be defined by this case. The Virginia Tech Defendants' rights will not be infringed by allowing Doe to proceed anonymously since they are aware of Doe's true identity. Additionally, Plaintiff incorporates the arguments raised in his Motion to Proceed under Pseudonym by reference.

The Defendants' Rule 10(a) Motion to Dismiss should be denied and Defendants should be ordered to file an answer. Should the motion be granted, then Doe seeks leave to amend, which should be "freely [given] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Doe v. Polytechnic Inst. & State Univ.*, 2018 U.S. Dist. LEXIS 55453, *11-12 (W.D. Va. April 2, 2018) (allowing plaintiff to proceed if he files an amended complaint using his actual name); *CTH 1 Caregiver v. Owens*, 2012 U.S. Dist. LEXIS 90998, *11 (S.D.N.C. July 2, 2012) (granting plaintiff's request to file an amended complaint).

DATED: August 6, 2018

         Respectfully submitted,


    By: /s/ Louise T. Gitcheva
     Harvey & Binnall, PLLC
     Jesse R. Binnall
     Louise T. Gitcheva
     Sarah E. York
     717 King Street, Suite 300
     Alexandria, Virginia 22314
     Telephone: (703) 888-1943
     Facsimile: (703) 888-1930
     Email: jbinnall@harveybinnall.com
        lgitcheva@harveybinnall.com
        syork@harveybinnall.com


     Nesenoff & Miltenberg LLP
     Andrew T. Miltenberg
     Tara Davis
     363 Seventh Avenue, 5th Floor
     New York, NY 10001-3904
     Telephone: (212) 736-4500
     Facsimile: (212) 736-2260
     Email:  amiltenberg@nmllplaw.com
        tdavis@nmllplaw.com
     *Admitted Pro hac vice*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Louise T. Gitcheva
Jesse R. Binnall
Louise T. Gitcheva
Sarah E. York
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, Virginia 22314
Telephone: (703) 888-1943
Facsimile: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
syork@harveybinnall.com