IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:18-cv-320 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| VIRGINIA POLYTECHNIC INSTITUTE ) | United States District Judge |
| AND STATE UNIVERSITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff moves for leave to proceed under the pseudonym "James Doe." For the following reasons, the court holds that his privacy interest outweighs the presumption of openness in judicial proceedings. It will thus grant the motion.

I. BACKGROUND

Plaintiff filed his complaint, under the pseudonym James Doe, against defendants Virginia Polytechnic Institute and State University, Timothy Sands, Frank Shushok, Jr., Ennis McCrery, Frances Keene, and Kyle Rose. All of the individual defendants were or are employed by the University.[1] (Compl. 1–2, Dkt. No. 1.)

Doe alleges that he was falsely accused of sexually assaulting "Jan Roe" while enrolled as an undergraduate at the University. On November 19, 2015, Doe and Roe attended a party where they consumed alcohol. Afterwards, Doe and Roe went to Doe's apartment, where they had vaginal intercourse. (Compl. 3–5.)

---

[1] As alleged in plaintiff's complaint, the individual defendants held or currently hold the following positions at the University: Sands is the President, Shushok is a Senior Assistant Vice President, McCrery is a Student Conduct Hearing Agent, Keene is a Student Conduct Hearing Officer, and Rose is a Student Conduct Hearing Agent. (Compl. 2.)

On April 4, 2016, Doe received a letter from McCrery informing him that the University had information about an incident involving him that required the Title IX office's attention. The University conducted an investigation and thereafter held a hearing on May 27, 2016. Afterwards, Doe was notified in a letter, signed by Keene and Rose, that he had been found responsible for violating the alcoholic beverage and "Sexual Violence – Rape" policies of the student conduct code. Consequently, he was permanently dismissed from the University. (Compl. 5–8.)

Doe thereafter appealed the finding and sanction "based on a violation of a procedural guarantee, significant and relevant new information, and/or unduly harsh and/or arbitrary sanction(s)." In response, the University informed him that there was insufficient cause to reverse the decision or the sanction. (Compl. 8–9.)

Doe alleges violations of his due process rights under the United States and Virginia Constitutions, violation of Title IX, negligence, and breach of contract. (Compl. 9–16.) Plaintiff filed his complaint under the pseudonym "James Doe," but he did not seek permission to proceed under a pseudonym. Defendants moved to dismiss the complaint under Rule 10(a) of the Federal Rules of Civil Procedure, seeking either "an order staying the time to respond to the Complaint unless and until Plaintiff obtains leave to file under a pseudonym," or dismissal of the complaint for failure to obtain leave before filing under a pseudonym. (Mot. Dismiss 1, Dkt. No. 3.) In response, Doe filed an opposition to defendants' motion to dismiss and seeks leave to proceed under a pseudonym. (Pl.'s Opp'n to Mot. Dismiss, Dkt. No. 14; Pl.'s Mot. Leave, Dkt. No. 15.) He seeks to "proceed under a pseudonym to protect his and his accuser's identities." (Pl.'s Mem. Supp. Mot. Leave 2, Dkt. No. 16.) Defendants filed a brief reply to Doe's opposition. (Defs.'

Reply, Dkt. No. 22.) Defendants also filed a response to Doe's motion for leave, in which they state that they neither support nor oppose the motion. (Defs.' Resp., Dkt. No. 23.)

II. DISCUSSION

Federal Rule of Civil Procedure 10(a) states: "[t]he title of the complaint must name all parties." The purpose of this rule "is to 'apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings.'" *Doe v. Pittsylvania Cty.*, No. 4:11-cv-43, 2012 U.S. Dist. LEXIS 13618, at *3 (W.D. Va. Feb. 3, 2012) (quoting *Doe v. Hallock*, 119 F.R.D. 640, 643 n.1 (S.D. Miss. 1987)). However, parties may proceed anonymously based on a number of exceptions to this requirement that have been articulated by courts. *Roe v. Aware Woman Ctr. for Choice*, 253 F.3d 678, 685 (11th Cir. 2001).

"The ultimate test for deciding if a plaintiff should proceed anonymously is whether plaintiff 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Pittsylvania Cty.*, 2012 U.S. Dist. LEXIS 13618, at *2–3 (some internal quotation marks omitted) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). This presumption of openness is well grounded in our nation's laws. *Id.* at *3. "Courts have long held that the First Amendment protections of freedom of speech and press safeguard the public's right to attend trials, which must be 'open to the public absent an overriding and clearly articulated interest to the contrary.'" *Id.* (quoting *Doe 1 v. Merten*, 219 F.R.D. 387, 390–91 (E.D. Va. 2004)).

But the presumption of openness is not absolute; anonymity may be appropriate in some cases. "The crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed anonymously." *Id.* at *4. If a plaintiff is granted leave to proceed under a pseudonym, the public is not denied its right to attend the proceedings or inspect the

3

court's opinions and orders on the underlying constitutional issue. *Id.* "[T]he only thing potentially being shielded from the public is plaintiff's name and any court proceedings or opinions that might be necessary to determine standing." *Id.* (quoting *Doe v. Barrow Co.*, 219 F.R.D. 189, 193 (N.D. Ga. 2003)). Still, "it is the exceptional case in which a court allows a party to proceed anonymously." *Id.*

Whether a plaintiff is allowed to proceed anonymously is a decision committed to the sound discretion of the district court. *Id.* at *6. To guide this decision, the Fourth Circuit has provided the following five factors:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Not all of these factors may be relevant to a given case, and there may be others that are. *Id.* Consequently, the trial court must "carefully review *all* the circumstances of [the] case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Pittsylvania Cty.*, 2012 U.S. Dist. LEXIS 13618, at *7 (quoting *Frank*, 951 F.2d at 323).

The court concludes that the factors relevant to this case weigh in favor of anonymity.

**A. Specific Sensitive and Personal Interest**

The first *James* factor asks whether the plaintiff's reason for anonymity is due to a specific sensitive and personal privacy interest or whether it is merely to avoid the annoyance and criticism that comes with litigation. Doe contends that sexual assault allegations are a highly

4

personal and sensitive matter, and that private, intimate details of his and Roe's lives are likely to be at issue. (Pl.'s Mem. Supp. Mot. Leave 4–5.) The court agrees; the litigation here is clearly "a matter of sensitive and highly personal nature" because Doe is an accused perpetrator of sexual assault. *James*, 6 F.3d at 238; *see Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) ("There can be no doubt that the litigation here focuses on a matter of sensitive and highly personal nature. Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule.") (internal citations and quotation marks omitted). Thus, the court agrees and believes that the first *James* factor weighs in favor of anonymity.

**B. Retaliatory Physical or Mental Harm**

The second *James* factor analyzes whether identification poses a risk of retaliatory physical or mental harm to the plaintiff or innocent non-parties. Here, Doe argues that he "could be targeted for retaliatory physical or mental harm based solely on the accusation that he committed sexual assault," and that if he returned to the University, his public reputation would precede him and be detrimental to his "physical and mental health." (Pl.'s Mem. Supp. Mot. Leave 6.) He also notes that "[t]here is no reason to lift [the] veil of anonymity now," because "Virginia Tech affords anonymity to accusers and accused during disciplinary proceedings." (*Id.*) Last, Doe asserts that it would also be harmful to Roe if her name was publicized. (*Id.*)

The court thinks that Doe's identification may put him at risk for physical or mental harm by persons who know that Roe has accused him of sexual assault. Moreover, his identification has the potential to lead persons—especially those who are associated with Doe and Roe or know of Doe and Roe—to identify Roe as his accuser and identify other students who were involved in the investigative process. It is also likely that identification of Roe could result in

5

her facing a risk of harm.  *See Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016).  Therefore, this factor also weighs in favor of anonymity.

**C. Ages of Persons Whose Privacy Interests Are Sought to Be Protected**

As to the third *James* factor, the court finds that this factor weighs slightly in favor of anonymity.  While Doe and Roe are adults, college students "may still possess the immaturity of adolescence," particularly in the first few years of their schooling.  *Yacovelli v. Moser*, No. 1:02-cv-596, 2004 U.S. Dist. LEXIS 9152, at *24 (M.D.N.C. May 20, 2014).  Here, the incident occurred at the start of Doe's second year at school.  It is thus more likely that as a young adult in his earlier years of college, he may have still possessed this adolescent immaturity.  The court therefore believes that the third *James* factor weighs in favor of anonymity, as well.

**D. Action Against Government or Governmental Activity**

Under the fourth *James* factor, the court considers the defendant's identity as the government or a private party.  Courts are more likely to allow a plaintiff to proceed under a pseudonym when the plaintiff challenges the government or government activity.  *Yacovelli*, 2004 U.S. Dist. LEXIS 9152, at *24–25.  This is because "although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the government is not vulnerable to similar reputational harm, particularly in a case involving a challenge to the constitutional, statutory, or regulatory validity of government activity."  *Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017); *see also Pittsylvania Cty.*, 2012 U.S. Dist. LEXIS 13618, at *10–11.  Further, "[u]se of pseudonyms is more likely to be appropriate in cases challenging government activity because there is both 'arguably a public interest in a vindication of . . . rights' and a risk of stigmatization of the plaintiff, who often

6

represents a minority interest." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3 (quoting *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)).

In this case, Doe's action is against both the government and private parties. He notes that the private parties "are being sued in their official and individual capacities," and asserts that because they are government employees, "there is much less concern than there would be with merely private individuals." He also contends that there is a public interest in state activity that violates constitutional principles, and he believes this interest is advanced by preserving Doe's and Roe's anonymity. (Pl.'s Mem. Supp. Mot. Leave 7.) As such, he believes "this factor is neutral at worst and at best favors proceeding under a pseudonym." (*Id.* at 8.)

While Doe is challenging government activity and suing the private parties in their official capacities, his allegations also focus on the individual actions of the private parties. In another case, this court previously found that this factor did not weigh in favor of or against anonymity when the plaintiff brought an action against the president and vice president of a university in their official capacities and the allegation could be read either as an accusation against them individually, or "as an indictment of the University's disciplinary process itself and not of the persons involved in it." *Alger*, 317 F.R.D. at 41.

In contrast, here, Doe plainly states that he is suing the individual defendants in both their official and individual capacities, and specifically alleges that McCrery "disregarded [his] statements, failed to investigate evidence that would have exculpated him of the alleged offenses, and gave preference to the implausible and inconsistent statements of [Roe]," and "negligently failed to fairly and adequately investigate the allegations and gather the information required to reach an informed conclusion concerning accountability." (Compl. 12, 14.) Unlike in *Alger*, Doe's allegations cannot be read as solely contesting the University's disciplinary process itself,

but must be read as also challenging the specific actions of the persons involved in that process. Therefore, this fourth *James* factor weighs against anonymity.

### E. Risk of Unfairness to Defendant

The fifth *James* factor examines the risk of unfairness to the defendants from allowing the plaintiff to proceed anonymously. Doe contends there is no risk because the defendants are aware of Doe's and Roe's identities and counsel has used their real names in their discussions related to this case. (Pl.'s Mem. Supp. Mot. Leave 8.) The court agrees and finds that this factor weighs in favor of anonymity.

* * *

After giving consideration to all of the factors discussed above, the court concludes that Doe's privacy interest outweighs the presumption of openness in judicial proceedings and that he may thus proceed anonymously in this case. In order to effectuate the court's ruling, the court directs the parties to refer to plaintiff and his accuser as "James Doe" and "Jan Roe," respectively, in all further documents filed in the case. If a particular document cannot be redacted or altered to comply with this directive, the filing party may seek leave to file it under seal.

### III. CONCLUSION

For the foregoing reasons, the court will grant plaintiff's motion for leave to proceed under a pseudonym and deny defendants' motion to dismiss.

An appropriate order will follow.

Entered: November 13, 2018

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge